JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
International Union of Painters and Allied Trades Local 21, et. al.
2980 Southhampton-Byberry Road
Philadelphia, PA 19154

### (b) County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

### (c) Attorneys *(Firm Name, Address, and Telephone Number)*
Martin W. Milz, Esquire
Spear Wilderman, P.C.
230 South Broad Street, Suite 1400, Philadelphia, PA  19102
215-732-0101

## DEFENDANTS
APG International, Inc.
P.O. Box 775
70 Sewell Street, Glassboro, NJ 08028

County of Residence of First Listed Defendant    Gloucester
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS

#### PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

#### PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

#### PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS

#### Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

#### Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☒ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Section 502 & Section 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Section 1132 & 1145
Brief description of cause:
Complaint

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE

DOCKET NUMBER

DATE
11/30/2017

SIGNATURE OF ATTORNEY OF RECORD
Martin W. Milz, Esquire

## FOR OFFICE USE ONLY

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _2980 Southampton-Byberry Road, Philadelphia, PA 19154_

Address of Defendant: _70 Sewell Streeet. Glassboro, NJ, 08029_

Place of Accident, Incident or Transaction:_____

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐     No✔

Does this case involve multidistrict litigation possibilities?     Yes☐     No✔

*RELATED CASE, IF ANY:*

Case Number: _____     Judge _____     Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐     No✔

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐     No✔

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐     No✔

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐     No✔

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ✔ All other Federal Question Cases
    (Please specify)  ERISA

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, ___MARTIN W. MILZ___ , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

✔ Relief other than monetary damages is sought

DATE: _November 30, 2017_          _____     93082
                                    Attorney-at-Law              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _November 30, 2017_          _____     93082
                                    Attorney-at-Law              Attorney I.D.#

CIV. 609 (6/08)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| INTERNATIONAL UNION OF PAINTERS LOCAL 21 et al., | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | NO. |
| | : | |
| APG INTERNATIONAL, INC. | : | |
| | : | |
| Defendant. | : | |
| | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (✓)

| | | |
|---|---|---|
| __November 30, 2017__ | _____ | __Martin W. Milz__ |
| **Date** | **Attorney-at-law** | **Attorney for** |
| __215-732-0101__ | __215-732-7790__ | __mmartin@spearwilderman.com__ |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INTERNATIONAL UNION OF PAINTERS AND | : | CIVIL ACTION |
| ALLIED TRADES DISTRICT COUNCIL | : | |
| NO. 21 HEALTH AND WELFARE FUND | : | NO. |
| 2980 Southampton-Byberry Road | : | |
| Philadelphia, PA 19154 | : | |
| | : | |
| and | : | |
| | : | |
| INTERNATIONAL UNION OF PAINTERS AND | : | |
| ALLIED TRADES DISTRICT COUNCIL NO. 21 | : | |
| ANNUITY FUND | : | |
| 2980 Southampton-Byberry Road | : | |
| Philadelphia, PA 19154 | : | |
| | : | |
| and | : | |
| | : | |
| INTERNATIONAL UNION OF PAINTERS AND | : | |
| ALLIED TRADES DISTRICT COUNCIL NO. 21 | : | |
| VACATION FUND | : | |
| 2980 Southampton-Byberry Road | : | |
| Philadelphia, PA 19154 | : | |
| | : | |
| and | : | |
| | : | |
| INTERNATIONAL UNION OF PAINTERS AND | : | |
| ALLIED TRADES DISTRICT COUNCIL NO. 21 | : | |
| FINISHING TRADES INSTITUTE OF THE | : | |
| MID-ATLANTIC REGION | : | |
| 2980 Southampton-Byberry Road | : | |
| Philadelphia, PA 19154 | : | |
| | : | |
| and | : | |
| | : | |
| INTERNATIONAL UNION OF PAINTERS AND | : | |
| ALLIED TRADES DISTRICT COUNCIL NO. 21 | : | |
| JOB RECOVERY FUND | : | |
| 2980 Southampton-Byberry Road | : | |
| Philadelphia, PA 19154 | : | |
| | : | |
| and | : | |

**PAINTERS DISTRICT COUNCIL NO. 21**
**SCHOLARSHIP FUND**
**2980 Southampton-Byberry Road**
**Philadelphia, PA 19154**

   and

**PAINTERS DISTRICT COUNCIL NO. 21**
**JOB ORGANIZATION PROGRAM TRUST FUND**
**2980 Southampton-Byberry Road**
**Philadelphia, PA 19154**

   and

**JOSEPH ASHDALE, TRUSTEE**
**International Union of Painters and Allied Trades**
**District Council No. 21 Health and Welfare Fund**
**2980 Southampton-Byberry Road**
**Philadelphia, PA 19154**

   and

**INTERNATIONAL UNION OF PAINTERS AND**
**ALLIED TRADES DISTRICT COUNCIL NO. 21,**
**2980 Southampton-Byberry Road**
**Philadelphia, PA 19154**

     **Plaintiffs,**

     **v.**

**APG INTERNATIONAL, INC.**
**P.O. Box 775**
**70 Sewell Street**
**Glassboro, NJ 08028**

     **Defendant.**

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

# C O M P L A I N T

## The Parties

1.      Plaintiffs International Union of Painters and Allied Trades District Council No. 21

Health and Welfare Fund, International Union of Painters and Allied Trades District Council No. 21

Annuity Fund, International Union of Painters and Allied Trades District Council No. 21 Vacation

Fund, International Union of Painters and Allied Trades District Council No. 21 Finishing Trades

Institute of Mid-Atlantic Region, Painters District Council No. 21 Scholarship Fund, Painters District

Council No. 21 Job Organization Program Trust Fund (collectively "Plaintiffs Funds") are employee

benefit plans pursuant to Section 3(3) of the Employee Retirement Income Security Act (hereafter

"ERISA"), 29 U.S.C. Section 1002(3), with their principal offices located 2980 Southampton-

Byberry Road, Philadelphia, PA 19154, within this judicial district. Plaintiff Funds are due and owing

relief sought from APG International, Inc., as set forth below.

2.      Plaintiff, Joseph Ashdale,  in his capacity as a trustee of the Plaintiff Funds, is a

fiduciary within the meaning of Section 3(21)(A) of the Employee Retirement Income Security Act

of 1974 (ERISA), 29 U.S.C. §1002(21)(A).

3.      Plaintiff, International Union of Painters and Allied Trades District Council No. 21

is an unincorporated labor organization within the meaning of Section 3(5) of the Labor

Management Relations Act of 1947, as amended, 29 U.S.C. §185 with its principal office located

at 2980 Southampton-Byberry Road, Philadelphia, PA 19154.

4.      Defendant, APG International, Inc., (hereinafter "Defendant") is a corporation doing

business at P.O. Box 775, 70 Sewell Street, Glassboro, NJ 08028.

5.      Defendant is engaged in interstate commerce within the meaning of Section 2(6) of the

-1-

Labor Management Relations Act of 1947, as amended, 29 U.S.C. §152(6) and has employed members of Plaintiff Union pursuant to a collective bargaining agreement in the Commonwealth of Pennsylvania.

6.      Defendant is an Employer within the meaning of Section 2(2) of the National Labor Relations Act and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§152(2) and 185; and Section 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§1002(5) and 1145.

<u>Jurisdiction & Venue</u>

7.      Jurisdiction of the District Court is invoked pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185, in that the Defendant is an employer within the meaning of the Labor Management Relations Act, and party to a collective bargaining agreement which forms the basis and substance of the matters at issue in this litigation; and 28 U.S.C. §1337, providing for original jurisdiction in civil actions that arise out of an Act of Congress regulating commerce.

8.      Jurisdiction of the District Court is invoked pursuant to the provisions of Section 502 and Section 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§1132 and 1145, in that Defendant is an employer as defined by ERISA. The Eastern District of Pennsylvania is the proper venue under ERISA section 502(e)(2), 29 U.S.C. §1132(e)(2), because the Plaintiff funds are administered in this judicial district.

## Cause Of Action

9.      Defendant is party to a collective bargaining agreement with the Plaintiff International Painters and Allied Trades District Council No. 21 (or has been a party to a collective bargaining agreement), which requires(d) that the Defendant make certain contributions on a timely basis to the Plaintiff Funds.

10.     As part of Defendant's obligation under the collective bargaining agreement(s) and the Trust Agreement governing the Funds, Defendant is required to submit to periodic audits to verify the payroll figures upon which contributions are based. The Collective Bargaining Agreement, in relevant part, is attached hereto as Exhibit "A".

11.     Since on or before July 17, 2017, Defendant has refused to submit to an appropriate audit as requested by Plaintiff Funds, by failing to provide all of the information requested by Plaintiff Funds' auditor which is reasonably necessary to the conduct of a complete and accurate audit.

12.     Plaintiffs believe, and therefore avers, that Defendant must submit to an audit and make payment upon all unpaid contributions, interest, and penalties to Plaintiff Funds that are discovered as a result of said audit.

**WHEREFORE**, Plaintiffs request this Court to grant judgment against the Defendant and in favor of the Plaintiffs as follows:

a.      An accounting of all amounts due to the various benefit funds, based upon examination of the Defendant's payroll records;

b.      Judgment in the amount found to be due and owing after the audit; including any accrued delinquencies as of the date this claim is reduced to judgment;

c.      Reasonable counsel fees, interest and costs of suit, including costs of audit;

<u>Cause Of Action</u>

9.      Plaintiff union and Defendant is a party to a collective bargaining agreement with the International Painters and Allied Trades District Council No. 21 or has been a party to a collective bargaining agreement, which requires(d) that the Defendant  make certain contributions on a timely basis to the Plaintiff Funds.

10.      As part of Defendant's obligation under the collective bargaining agreement(s) and the Trust Agreement governing the Funds, Defendant is required to submit to periodic audits to verify the payroll figures upon which contributions are based.  The Collective Bargaining Agreement , in relevant part, is attached hereto as Exhibit "A".

11.      Since on or before July 17, 2017, Defendant has refused to submit to an appropriate audit as requested by Plaintiff Funds, by failing to provide all of the information requested by Plaintiff Funds' auditor which is reasonably necessary to the conduct of a complete and accurate audit.

12.      Plaintiffs believe, and therefore avers, that Defendant must submit to an audit and make payment upon all unpaid contributions, interest, and penalties to Plaintiff Funds that are discovered as a result of said audit.

**WHEREFORE**, Plaintiffs request this Court to grant judgment against the Defendant and in favor of the Plaintiffs as follows:

a.      An accounting of all amounts due to the various benefit funds, based upon examination of the Defendant's payroll records;

b.      Judgment in the amount found to be due and owing after the audit; including any accrued delinquencies as of the date this claim is reduced to judgment;

c.      Reasonable counsel fees, interest and costs of suit, including costs of audit;

-3-

      d.      Injunctive relief ordering the Defendant to submit to audits of its payroll records by an auditor of the Plaintiffs' choosing at such reasonable times as the Plaintiffs may request;

      e.      Liquidated damages as provided by the applicable collective bargaining agreement(s) and by Section 502 of ERISA; and

      f.      Other relief as the Court deems just and proper.

Respectfully submitted,

**SPEAR, WILDERMAN, P.C.**

BY: _____
MARTIN W. MILZ, ESQUIRE
Suite 1400
230 S. Broad Street
Philadelphia, PA 19102
(215) 732-0101
Attorney for Plaintiffs

Dated: November 30, 2017

-4-

# EXHIBIT "A"

# COLLECTIVE BARGAINING AGREEMENTS

Between

### District Council No. 21
### International Union of Painters
### and Allied Trades AFL-CIO-CLC

and the

### Associated Master Painters and Decorators Inc. of Philadelphia and Vicinity

and the

### Interior Finish Contractors Association of Delaware Valley

and the

### Architectural Glass and Metal Association of Philadelphia and Vicinity

and the

### P.D.C.A. of Northeast Pa.

and the

### P.D.C.A. of Harrisburg

and the

### Keystone Contractors Association

and

### All Independent Employers and Associations

**Starting, May 1, 2017 (Painters)**
**Starting, May 1, 2015 (Drywall, Glaziers & Upstate)**

**See Duration clause, Article 27, for EXPIRATION DATES**

1

ASSOCIATED MASTER PAINTERS AND DECORATORS, INC. OF PHILADELPHIA AND VICINITY, INTERIOR FINISH CONTRACTORS ASSOCIATION OF DELAWARE VALLEY, ARCHITECTURAL GLASS AND METAL ASSOCIATION OF PHILADELPHIA AND VICINITY, P.D.C.A. OF NORTHEAST PA, AMERICAN SUBCONTRACTORS ASSOCIATION OF CENTRAL PENNSYLVANIA, P.D.C.A.- HARRISBURG and any or all Independent EMPLOYERS and Associations the Union may recognize, but who has agreed to accept and be bound by the arbitration procedures and machinery set forth above.

When a non-member signator of this Agreement is charged with violating any of the provisions or conditions of this Agreement or any other Agreement District Council No. 21 is a party to, indenture or condition related to the Collective Bargaining Agreement between the parties hereto, they shall be given the right to designate another non-member signator to the Agreement, in good standing, to sit in the place and stead of one Chapter designated member of the Board, for the purpose of hearing and determining the particular charge or charges; in such an event the Chapter shall temporarily remove one of its appointed members of the Board to give effect to the aforementioned objective. The non-member signator designee shall be vested with the same powers and authority as held by the other member of the Board.

## ARTICLE 12

## Security of Funds

12.1    Upon signing an EMPLOYER to this Collective Bargaining Agreement, the EMPLOYER must submit to the Union a complete list of all EMPLOYEES and jobs; also proof of having proper Worker's Compensation and Unemployment Insurance.

12.2    ALL Painting, Drywall Finishing and Wallcovering EMPLOYERS are required to post a security bond; the original shall be filed with the District Council # 21 office. The amount of the bond for EMPLOYERS averaging 1 to 15 EMPLOYEES shall be $30,000.00, 16 to 35 EMPLOYEES shall be $50,000.00 and over 35 EMPLOYEES $75,000.00.

ALL Glazing EMPLOYERS are required to put a bond in the following manner: 1 to 15 EMPLOYEES shall be $30,000.00,

17

16 to 35 EMPLOYEES shall be $40,000.00 and over 35 EMPLOYEES $50,000.00.  In lieu of a bond, a letter of credit in said amount is acceptable.

12.3    For All EMPLOYERS, in lieu of a minimum bond or letter of credit, the EMPLOYER eligible for the minimum coverage must deposit the sum of $ 1,000.00 Per Man Per Week, by certified check to be held in escrow by the Fund Office, until such time the EMPLOYER shall produce a bond based on the above scale, or no longer employs District Council # 21 members.

12.3.1    EMPLOYERS working under these circumstances may be required by the Union to pay fringe benefits and deductions on a weekly basis.

12.4    Vacation Fund escrow will also be retained (per Article 13.4.1)

## ARTICLE 13

## Various Funds

13.1    **Health & Welfare Funds:** (1) The EMPLOYER agrees to be bound by all provisions set forth in the Agreement and Declaration of Trust, and all amendments thereto, governing establishment and operation of the I.U.P.A.T. District Council No. 21 Welfare Fund. The Trust Agreement provides, *inter alia,* for the receipt of contributions by the Welfare Fund for the purpose of providing group health, medical surgical disability and other related welfare benefits to eligible workers and their families, in such form and amounts as the Trustees of the Welfare Fund may determine in conformity with the discretion vested in them under provisions set forth in the Trust Agreement. The EMPLOYER agrees to contribute for each EMPLOYEE covered by this Agreement to the Welfare Fund in the manner provided herein, in the then current amounts and for the periods as set forth in Article 5.

13.2    **The I.U.P.A.T. Union and Industry Pension Fund and Annuity:**

13.2.1    The EMPLOYER agrees to be bound by all provisions set forth in the Agreement and Declaration of Trust, and all amendments thereto, governing establishment and operation of the I.U.P.A.T. Union and Industry National Pension Fund ("Pension Fund").

18

The Trust Agreement provides *inter alia,* for the receipt of contributions by the I.U.P.A.T. Union and Industry National Pension Fund for the purpose of providing pension and other related benefits to eligible workers and their families, in such form and amounts as the Trustees of the I.U.P.A.T. Union and Industry National Pension Fund may determine in conformity with the discretion vested in them under provisions set forth in the Trust Agreement. The EMPLOYER agrees to contribute for each EMPLOYEE covered by this Agreement to the Pension Fund in the manner provided herein, in the then current amounts and for the periods as set forth in Article 5.

13.2.2   Contributions shall be paid on behalf of any EMPLOYEE starting with the EMPLOYEE'S first day of employment in a job classification covered by this Agreement.

13.2.3   The payments to the Pension and Annuity Fund required above shall be made to the I.U.P.A.T. Union and Industry National Pension Fund which was established under an Agreement and Declaration of Trust dated April 1, 1967.

13.2.4   The EMPLOYER hereby irrevocably designates as its representatives on the Board of Trustees such Trustees as are now serving, or who will in the future serve as EMPLOYER Trustees, together with their successors. The EMPLOYER further agrees to be bound by all actions taken by the Trustees pursuant to the Agreement and Declaration of Trust.

13.2.5   All contributions shall be made at such time and in such manner as set forth in this Agreement. The Trustees shall have the authority to have an independent certified public accountant audit the payroll and wage records of the EMPLOYER for the purpose of determining the accuracy of contributions to the Pension Fund.

13.2.6   If an EMPLOYER fails to make contributions to the Pension Fund within thirty (30) days after the date required by the Trustees, the Union shall have the right to take whatever steps are necessary to secure compliance with this Agreement, any other provisions hereof to the contrary notwithstanding, and the EMPLOYER shall be liable for all costs for collecting payments due, together with attorneys' fees and such liquidated damages as may be assessed by the Trustees. The EMPLOYER'S liability for payment under this Article shall not be subject to or covered

19

by any grievance or arbitration procedure or any "no strike" clause which may be provided or set forth elsewhere in this Agreement.

13.2.7   The Pension Plan adopted by the Trustees of the Pension Fund shall at all times conform with the requirements of the Internal Revenue Code so as to enable the EMPLOYER at all times to treat contributions to the Pension Fund as a deduction for income tax purposes.

13.2.8   Funds are paid to the Painters District Council 21 of Northeastern Pennsylvania Health & Welfare Fund for the members covered by Article 24 (L.U. 41, L.U. 218, L.U. 1269)

**13.3      The I.U.P.A.T. District Council 21 Annuity Fund:**

13.3.1   The EMPLOYER agrees to be bound by all provisions set forth in the Agreement and Declaration of Trust, and all amendments thereto, governing establishment and operation of the I.U.P.A.T. District Council 21 Annuity Fund. The Trust Agreement provides *inter alia,* for the receipt of contributions by the I.U.P.A.T. District Council 21 Annuity Fund for the purpose of providing pension and other related benefits to eligible workers and their families, in such form and amounts as the Trustees of the I.U.P.A.T. District Council 21 Annuity Fund may determine in conformity with the discretion vested in them under provisions set forth in the Trust Agreement. The EMPLOYER agrees to contribute for each EMPLOYEE covered by this Agreement to the Annuity Fund in the manner provided herein, in the then current amounts and for the periods as set forth in Article 5.

13.3.2   Contributions shall be paid on behalf of any EMPLOYEE, starting with the EMPLOYEE'S first day of employment in a job classification covered by this Agreement.

13.3.3   The payments to the Annuity Funds required above shall be made to the I.U.P.A.T. District Council 21 Annuity Fund which was established under an Agreement and Declaration of Trust dated June 1, 1972.

13.3.4   The EMPLOYER hereby irrevocably designates as its representatives on the Board of Trustees such Trustees as are now serving, or who will in the future serve as EMPLOYER

20

Trustees, together with their successors. The EMPLOYER further agrees to be bound by all actions taken by the Trustees pursuant to the Agreement and Declaration of Trust.

13.3.5    All contributions shall be made at such time and in such manner as set forth in this Agreement. The Trustees shall have the authority to have an independent certified public accountant audit the payroll and wage records of the EMPLOYER for the purpose of determining the accuracy of contributions to the Annuity Fund.

13.3.6    If an EMPLOYER fails to make contributions to the Annuity Fund within thirty (30) days after the date required by the Trustees, the Union shall have the right to take whatever steps are necessary to secure compliance with this Agreement, any other provisions hereof to the contrary notwithstanding, and the EMPLOYER shall be liable for all costs for collecting payments due, together with attorneys' fees and such liquidated damages as may be assessed by the Trustees. The EMPLOYER'S liability for payment under this Article shall not be subject to or covered by any grievance or arbitration procedure or any "no strike" clause which may be provided or set forth elsewhere in this Agreement.

13.3.7    The Annuity Plan adopted by the Trustees of the Annuity Fund shall at all times conform with the requirements of the Internal Revenue Code so as to enable the EMPLOYER at all times to treat contributions to the Annuity Fund as a deduction for income tax purposes.

13.3.8    Funds are paid to the Painters District Council 21 of Northeastern Pennsylvania Annuity Fund for the members covered by Article 24 (L.U. 2018, L.U. 1269).

13.4    **Vacation Fund:** (1) The EMPLOYER agrees to be bound by all provisions set forth in the Agreement and Declaration or Trust, and all amendments thereto, governing establishment and operation of the I.U.P.A.T. District Council No. 21 Vacation Fund. The Agreement provides, *inter alia,* for the receipt of contributions by the Vacation Fund for the purpose of providing vacation benefits to eligible workers and their families, in such form and amounts as the Trustees of the Vacation Fund may determine in conformity with the discretion vested in them under provisions set forth in the Trust Agreement. The

21

EMPLOYER agrees to contribute for each EMPLOYEE covered by this Agreement to the Vacation Fund in the manner provided herein, in the then current amounts and for the periods as set forth in Article 5.

13.4.1   A certified check for no less than Five Hundred Dollars ($500.00) and no more than Two Thousand Five Hundred Dollars ($2,500.00) shall be deposited with the Administrator of the Vacation Fund by each EMPLOYER. The Board of Trustees of the Vacation Fund shall determine the amount due from each EMPLOYER, predicated on the basis of one-twelfth (1/12) of the yearly amount of funds submitted by the EMPLOYER to the Vacation Fund in the preceding year. In addition to any other remedies available to the Vacation Fund as set forth is this Article, an EMPLOYER who is delinquent in submitting contributions to the Vacation Fund shall have the delinquent monies withdrawn from its certified check, and will be required to resubmit a new check in full covering this delinquency.

**13.5     Training and Education Fund:**
The EMPLOYER agrees to be bound by all provisions set forth in the Agreement and Declaration of Trust, and all amendments thereto, governing establishment and operation of the I.U.P.A.T. District Council 21 Fund (hereinafter referred to as The FTI Fund). The Trust Agreement provides, *inter alia,* for the receipt of contributions by the FTI Fund for the purpose of establishing and administering a Training Program as the Trustees of the FTI Fund may determine in conformity with the discretion vested in them under provisions set forth in the Trust Agreement. The EMPLOYER agrees to contribute for each EMPLOYEE covered by this Agreement to the FTI Fund in the manner provided herein, in the then current amounts and for the periods as set forth in Article 5.

**13.6     National Apprenticeship Fund:** The EMPLOYER agrees to contribute the sum of five cents ($.10) per hour for each hour for which an EMPLOYEE receives pay to the National Apprenticeship Fund. Trustees of said Fund shall remit said sum to the National Painting and Decorating and Drywall Apprenticeship and Manpower Training Fund at such regular periods of time, and in the manner and form as shall be determined by the Trustees of the National Apprenticeship Fund from time to time.

22

**13.7**       **The District Council 21 Scholarship Fund:**

**13.7.1**   The EMPLOYER agrees to be bound by all provisions set forth in the Agreement and Declaration of Trust, and all amendments thereto, governing establishment and operation of the District Council 21 Scholarship Fund ("Scholarship Fund"). The Trust Agreement provides *inter alia,* for the receipt of remittance by the Scholarship Fund for the purpose of providing educational relief to eligible workers and their families, in such form and amounts as the Trustees of the Scholarship Fund may determine in conformity with the discretion vested in them under provisions set forth in the Trust Agreement. The EMPLOYER agrees to remit for each EMPLOYEE covered by this Agreement to the Scholarship Fund in the manner provided herein, in the then current amounts and for the periods as set forth in Article 5.

**13.7.2**   Remittances shall be paid on behalf of any EMPLOYEE, starting with the EMPLOYEE'S first day of employment in a job classification covered by this Agreement.

**13.7.3**   The EMPLOYER further agrees to be bound by actions taken by the Scholarship Fund Trustees pursuant to the Agreement and Declaration of Trust.

**13.7.4**   All remittances shall be made at such time and in such manner as set forth in this Agreement. The Trustees shall have the authority to have an independent certified public accountant audit the payroll and wage records of the EMPLOYER for the purpose of determining the accuracy of deductions and remittances to the Scholarship Fund.

**13.7.5**   If an EMPLOYER fails to make remittance to the Scholarship Fund within thirty (30) days after the date required by the Trustees, the Union shall have the right to take whatever steps are necessary to secure compliance with this Agreement, any other provisions hereof to the contrary notwithstanding, and the EMPLOYER shall be liable for all costs for collecting payments due, together with attorneys' fees and such liquidated damages as may be assessed by the Trustees. The EMPLOYER'S liability for payment under this Article shall not be subject to or covered by any grievance or arbitration procedure or any "no strike' clause which may be provided or set forth elsewhere in this Agreement.

23

**13.8**   **Board of Trustees:**

As to each Fund referenced in Sections 13.1 through 13.15 of this Article, the EMPLOYER hereby irrevocably designates as its representatives on the Boards of Trustees such Trustees as are now serving, or will in the future serve, as EMPLOYER Trustees, together with their successors appointed and/or elected in accordance with provisions set forth in the Agreement and Declaration of Trust for each Fund. The EMPLOYER further agrees to be bound by all actions taken by the Trustees of each respective Fund pursuant to each such Agreement and Declaration of Trust, and to be further bound by any and all rules and regulations duly adopted by each Board of Trustees. The Welfare Fund, Vacation Fund and FTI Fund shall each be administered, pursuant to an Agreement and Declaration of Trust, by a Board of Trustees composed of an equal number of representatives selected by the AMPD, IFCA, and AGMA, and or other Associations that the Council may acknowledge, by its Board of Directors, and by District Council No. 21 in accordance with its Bylaws. A copy of the Trust Agreements, together with Amendments thereto, shall be made available upon request by the parties and shall be considered a part of this Agreement as if set forth herein at length. The said Trust Agreements and any Amendments thereto, shall provide for annual audits of each respective Fund. The payments by the EMPLOYERS of contributions to each respective Fund shall be made monthly, on or before a date and in a manner and form that shall be prescribed by the Trustees. Each EMPLOYER shall be bound to provide such information to each Fund as its Board of Trustees may require in order to verify the amount(s) of contributions due and owing by such EMPLOYER.

**13.9**   **Auditing of Books:**

Each or any of the Funds referenced in this Article may engage a certified public accounting firm to periodically audit the books and records of any contributing EMPLOYER (or contractors working in this area) for the purpose, of verifying contributions due and owing to the respective Fund and/or liabilities for contributions due and owing to such Fund. The EMPLOYER shall make available to any Fund auditor all books and records requested by the auditor and/or Board of Trustees, including, but not limited to; payroll, wage, general ledger, cash disbursement records, compensation insurance audits, and any other pertinent records deemed necessary for the purpose, of ascertaining and/or verifying payments and/or determining liabilities. Such records

24

shall be made available to Fund auditors upon reasonable notice. In the event such audit shall disclose for any period a deficiency in the payment reported owed and/or paid to the Fund(s) of five percent (5%) or more of the amount that should have been paid for such period under this Agreement, the cost of the audit shall be borne by the EMPLOYER. A confirmation report from the Funds will be available annually upon request by any EMPLOYER pertaining to its payments into the Funds, Industry Advancement Program and Check-Off Administrative Dues.

13.10   The benefit programs adopted by each respective Board of Trustees shall be described in a Summary Plan Description (if one is required by law) and made available to all eligible participants of each Fund.

13.11   Each EMPLOYER agrees to furnish the Board of Trustees of each respective Fund with information necessary and appropriate to verify required contributions on reporting forms to be provided by each respective Fund. Such information shall be reported each month and shall include, but not be limited to, the names, classifications, Social Security numbers of the EMPLOYEES, and the number of hours worked by each EMPLOYEE during the period or periods for which the contributions are being made.

13.12   All EMPLOYERS from jurisdictions other than the jurisdiction of District Council No. 21 shall be subject to the above provisions contained in this Agreement and the gross payroll contributions when performing work within the geographical jurisdiction of District Council No. 21, including IAP contributions which shall be paid to the appropriate association representing that trade.

13.13   **Delinquencies/Collection Procedures/Rights and Remedies of the Union and Fringe Benefit Funds:** In addition to any rights, remedies or obligations set forth in this Agreement, each EMPLOYER shall have the obligations and the Union and each Fringe Benefit Fund shall have the rights and remedies set forth below:

13.13.1   All reports to the Union with respect to check-off and administrative dues, as well as amount due and owing must be filed with and paid to the Administrator of the Union and/or each respective Fund by the earlier of the thirtieth (30th) day or

25

last calendar day of each month following the month in which the contributions and/or check-off became due and owing.

Liquidated Damages of Seven Hundred Fifty Dollars ($750.00) for failure to file a timely remittance report and not make a timely payment shall automatically be levied upon the delinquent EMPLOYER; Liquidated Damages of Five Hundred Dollar ($500.00) shall be levied on the delinquent EMPLOYER in circumstances where a report is submitted in a timely manner, but the EMPLOYER has failed to pay the appropriate contribution to the Union and/or Fund and interest shall start to accrue on the delinquent amount from the due date at the rate then charged by the IRS for delinquent taxes under Section 662(a) of the I.R.C., plus one (1) percentage point in excess of such rate.  Upon written petition and showing of need by an EMPLOYER who has had a collective bargaining agreement with District Council # 21 for at least two (2) years, a twenty (20) day extension for payment will be granted by the Business Manager / Secretary Treasurer. All liquidated damages paid pursuant to this Section shall be distributed pro rata to the Union (dues); the Association (IAP contributions) and the respective Funds based upon the amount of the delinquent obligation owed to each entity. Nothing contained herein shall be construed as a limitation on the right of any Fringe Benefit Fund to impose liquidated damages and/or costs of collection proceedings on a "delinquent" EMPLOYER in accordance with provisions set forth in ERISA or applicable law.

13.13.2   In the event the wage payments, Fringe Benefit (Fund) contributions, Union Administrative Dues (Check-off) or any other payments required by any provision in this Collective Bargaining Agreement are not transmitted to the EMPLOYEES, the Union or the appropriate EMPLOYEE Benefit Fund, as the case may be, in a timely manner, in accordance with provisions set forth herein, or in the event the reporting forms relating to Union assessments and/or EMPLOYEE Benefit Fund contributions are not submitted in a timely manner as provided herein, the EMPLOYER shall be considered as "delinquent." In addition to the liquidated damages set forth in (13.13.1) above, the "delinquent" EMPLOYER shall be obligated to pay any assessments and/or interest on the debt that may be required under rules, regulations or procedures governing delinquent contributions established by the Trustees of the Various Fringe Benefit Funds identified in this labor contract and not

26

inconsistent with this Agreement or as may otherwise be imposed by law. Each EMPLOYER shall be bound and governed by any rules, regulations or procedures adopted by any of the Boards of Trustees or any of the Fringe Benefit Funds to which contributions are due and owing under this Agreement. The rules, regulations or procedures adopted by the Trustees of the Various Fringe Benefit Funds may require payment by a delinquent EMPLOYER of liquidated damages, assessments, interest on the debt (in an amount determined by the Trustees or by applicable law) and shall also assess against a delinquent EMPLOYER audit fees incurred during the collection, including, but not limited to counsel fees and costs. Such charges and expenses shall be paid to that entity to whom such contributions and payments are owed. The Co-Chairman of the Joint Trade Board may require any "delinquent" EMPLOYER or any EMPLOYER who has demonstrated a pattern of delinquency to submit its contributions on a weekly basis, notwithstanding any provisions set forth in this labor Agreement. In addition, the Board of Trustees of the Various Fringe Benefit Funds are empowered to adopt rules and regulations requiring any "delinquent" EMPLOYER or any EMPLOYER that has demonstrated a pattern of delinquency to furnish to the Board of Trustees a bond or other appropriate surety in an amount sufficient to protect the respective Fund(s) from any financial loss that may result from future delinquencies by any EMPLOYER that is, or has been, delinquent in its obligations to the Fund. The amount of any such bond or other surety shall be in the sole discretion of the Board of Trustees, and the Board in determining the amount of any such bond, may consider the costs related to the collection of future delinquencies, as well as contribution amounts.

13.13.3  In addition to all other remedies available to the parties and/or the various Fringe Benefit Funds with respect to "delinquent" EMPLOYERS, the Union may treat any failure by an EMPLOYER to satisfy a delinquency as a breach of this Agreement. In such event, the Union may, in addition to any other remedy that may be available to it, and without being limited by any "no strike" obligation that may appear in this Agreement or be implicit in its terms, remove its members from any job(s) of such delinquent EMPLOYER. A removal of manpower by the Union, pursuant to this provision, shall not be construed as a "termination" of this Agreement with respect to any affected EMPLOYER.

27

**13.14**     **The International Union of Painters and Allied Trades Labor-Management Cooperation Initiative**

**13.14.1**     Commencing with the 1st day of May 1997, and for the duration and any renewal of this Agreement, the EMPLOYER agrees to make payments to The International Union of Painters and Allied Trades Labor Management Cooperation Initiative ("Fund") for each EMPLOYEE covered by this Agreement, as follows:

**13.14.2**     For each hour or portion thereof, for which an EMPLOYEE receives pay, the EMPLOYER shall make the then current contribution of $.10 to the Fund.

**13.14.3**     For the purpose of this Article, each hour worked for, including hours attributable to show up time, and other hours for which pay is received by the EMPLOYEE in accordance with the Agreement, shall be counted as hours for which contributions are payable.

**13.14.4**     Contributions shall be paid on behalf of any EMPLOYEE starting with the EMPLOYEE'S first day of employment in a job classification covered by this Agreement.

**13.14.5**     The EMPLOYER and Union signatory to this Agreement agrees to be bound by and to the Agreement and Declaration of Trust, as amended from time to time, establishing the Fund.

**13.15**     The EMPLOYER hereby irrevocably designates as its representatives on the Board of Trustees such Trustees as are now serving, or who will in the future serve, as EMPLOYER Trustees, together with their successors.

**13.16**     All contributions shall be made at such time and in such manner, as the Trustees require and the Trustees may at any time conduct an audit in accordance with the Agreement and Declaration of Trust.

**13.17**     If an EMPLOYER fails to make contributions to the Fund within twenty (20) days after the date required by the Trustees, the Union shall have the right to take whatever steps are necessary to secure compliance with this Agreement, any other provision hereof to the contrary not withstanding, and the EMPLOYER shall be liable for all costs of collection of the

28

payments due together with attorney fees and such liquidated damages as may be assessed by the Trustees. The EMPLOYER'S liability for payment under this Article shall not be subject to or covered by any grievance or arbitration procedure or any "no-strike" clause which may be provided or set forth elsewhere in this Agreement.

# ARTICLE 14

## Pinpointing Funds

### Fund One

**Job Organization Program: Eligibility and Rules
Painters, Wallcoverers**

**14.1**     **Purpose:**
The EMPLOYER and District Council No. 21 agree to establish the District Council No. 21 "JOB ORGANIZATION PROGRAM" for the purpose of providing subsidies on specific jobs in order to enable contractors who are signatory to this Agreement to bid more competitively on certain projects in the marketplace. To implement the Jobs Organization Program ("JOP"), the EMLOYER and District Council No. 21 further agree as follows:

**14.2**     **Trust Fund:**
The EMPLOYER and District Council No. 21 shall establish a Trust Fund to be known as the "International Union of Painters and Allied Trades, District Council No. 21 Jobs Organization Program Trust Fund."

**14.3**     **Purpose of Trust Fund:**
The purpose of the Jobs Organization Program Trust Fund shall be to provide, in accordance with the Jobs Organization Program Trust Agreement, financial subsidies for eligible contractors. The Jobs Organization Program Trust Fund shall be the sole and exclusive source of funding for all subsidies, expenses and other charges and liabilities incurred by operation of the Jobs Organization Program and shall not be liable for such charges in excess of the assets in the Fund.

29